IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID YOUNG,

    Petitioner,                   No. CIV S-10-2364 EFB P

    vs.

MATTHEW CATE,

    Respondent.                <u>ORDER</u>

                           /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the undersigned pursuant to the parties' consent. Dckt. Nos. 5 & 18. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 73. Currently before the court are petitioner's motion to stay and for writ of mandamus and respondent's motion to dismiss. For the reasons that follow, the court finds that it cannot issue the writ of mandamus requested and that the petition is completely unexhausted and thus must be dismissed.

**I.    Procedural Background**

       Petitioner was convicted of violation of California Penal Code § 288 in the Yolo County Superior Court on July 22, 2009 after agreeing to a plea of no contest in return for a low-term sentence of two years, plus two years' enhancement for a prior conviction. Resp.'s Mot. to Dism. & Opp'n to Pet'r's Mot. for Stay, Docs. Lodged in Supp. Thereof (hereinafter "Lodg.

1

Docs."), Dckt. Nos. 22 & 26, Docs. 1, 2, 10-12.  Petitioner abandoned his direct appeal of his conviction on January 22, 2010.  Lodg. Docs. 3 & 4.

On July 6, 2010, petitioner filed an application for writ of habeas corpus with the Yolo County Superior Court, which was denied on September 2, 2010.  Lodg. Docs. 6 & 7.  He then filed a habeas petition in the California Court of Appeal, which was also denied, on October 14, 2010.  Lodg. Docs. 8 & 9.  Thereafter, in November 2010, he filed two requests for an extension of time to file his state habeas petition with the California Supreme Court.  Dckt. No. 24, Pet'r's Mot. for Writ of Mandamus at 5-16.  Each time, the Clerk of the Court responded, "Your legal documents . . . appears [sic] to express a desire to challenge the legal cause or condition of your restraint."  *Id.* at 9, 16.  The Clerk first informed petitioner, "We will hold these documents, to be attached to your petition for writ of habeas corpus in approved form" and instructed him to file the form petition.  *Id.* at 9.  In response to petitioner's second request, the Clerk again informed petitioner that, "To consider this material we require a petition for writ of habeas corpus in approved form.  A copy of the approved form is enclosed."  *Id.* at 16.  Petitioner has, to date, not filed a habeas petition in the California Supreme Court.  California Appellate Courts Case Information, search results for last name "Young" and first name "David," http://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party (the same, last viewed February 18, 2011).

The instant petition was filed on August 31, 2010 and amended on October 4, 2010.

**II.    Analysis**

**A.  No Writ of Mandamus May Issue to Compel a State Court Official to Act**

Petitioner seeks a writ of mandamus from this court, ordering the Clerk of the California Supreme Court to accept for filing his request for an extension of time to file his state habeas petition.  Dckt. No. 24.  However, this court lacks power to issue a writ of mandamus to direct the California Supreme Court, its judges or other officials in the performance of their duties.  *Demos v. United States*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Clark v. Washington*, 366 F.2d

2

678, 681-82 (9th Cir. 1966); *Williams v. Supreme Court of Cal.*, No. C 10-3834 JSW (PR), 2010 WL 4065409, *1 (N.D. Cal. Oct. 14, 2010). Accordingly, the motion for writ of mandamus is denied.

### B. Petitioner's Federal Claims Have Not Been Exhausted

Respondent moves to dismiss the petition on the ground that it has not been exhausted. Dckt. No. 21. Instead of filing an opposition to the motion to dismiss, petitioner filed a motion to stay these proceedings, conceding that he had not yet filed his claims in the California Supreme Court but was in the process of doing so. Dckt. No. 23. Respondent opposes the request for stay. Dckt. No. 25.

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies or circumstances exist which render those remedies ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

In some circumstances, a petitioner may obtain a stay of a federal petition where the petition contains both unexhausted and exhausted claims or where the petitioner seeks to add currently unexhausted claims to a fully exhausted petition. *See, e.g., Rhines v. Weber*, 544 U.S. 269 (2005); *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009). Where the federal petition raises solely claims that have not been exhausted, however, the petition should be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

In this case, petitioner concedes that he has not exhausted any of the claims contained in his federal petition in the California Supreme Court as required by § 2254(b)(1). Lodg. Doc. 5 (a printout of a search for the term "David Young" on the California Supreme Court's website, revealing no habeas petition regarding Yolo County Case No. CRF091653); California Appellate Courts Case Information, search results for last name "Young" and first name "David," http://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party (the same, last viewed February 18, 2011). Petitioner contends that this court has granted his request that his federal petition not be actually filed, but merely be recognized as timely and not defaulted. Petitioner does not provide any citation to the docket or the date on which this request was made and the consequent order issued. The court has reviewed the docket itself and finds that no such request has been filed and no such order has issued. Rather, the petition was filed on August 31, 2010, and an amended petition was filed on October 4, 2010. Dckt. Nos. 1 & 13.

Petitioner next argues that a stay is appropriate under *Rhines*. However, *Rhines* addressed the propriety of a stay only where the federal petition contained exhausted as well as unexhausted claims and did not overrule *Coleman*'s statement that a petition that is entirely unexhausted should be dismissed. *Rhines*, 544 U.S. at 277; *see Raspberry*, 448 F.3d at 1154 ("We decline to extend that rule [of *Rhines*] to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included."). Because the instant petition contains only unexhausted claims, it must be dismissed under *Coleman*. *Jiminez*, 276 F.3d at 481 ("Once [respondent] moved for dismissal, the district court was obliged to dismiss immediately, as the petition contained no exhausted claims.").

Moreover, even if the court were to apply *Rhines* here, petitioner has not shown good cause for not first exhausting the claims in the California Supreme Court, as that case requires. *Id.* A precise standard for determining whether good cause exists under *Rhines* has not yet been established by the U.S. Supreme Court or the Ninth Circuit. In *Pace v. DiGuglielmo*, the

4

1  Supreme Court acknowledged that a petitioner's reasonable confusion about the timeliness of his
2  state petition amounts to good cause for failing to exhaust. 544 U.S. 408, 416-17 (2005). The
3  Ninth Circuit has further clarified that, to show good cause, a petitioner need not show that
4  extraordinary circumstances caused the failure to exhaust. *Jackson v. Roe*, 425 F.3d 654, 661-62
5  (9th Cir. 2005). However, a petitioner's mistaken impression that his counsel had exhausted the
6  claims in state court does not amount to good cause. *Wooten v. Kirkland*, 540 F.3d 1019 (9th
7  Cir. 2008).

8  Petitioner argues that he has been diligently working to prepare his California Supreme
9  Court petition, but has limited law library access, no lawyer, is legally unskilled, and did not
10 received an adequate response from that court to his requests for an extension of time to file.
11 Dckt. No. 27, Pet'r's Reply, at 2-5. It appears that petitioner may have filed the instant federal
12 petition as a "protective petition" – one filed before exhaustion has been completed because the
13 petitioner is reasonably confused about the timeliness of his state filing and wishes to ensure the
14 filing of his federal petition within AEDPA's limitations period. *Pace*, 544 U.S. at 416-17. In
15 *Pace*, the Supreme Court indicated that a petitioner may obtain a stay of such a protective
16 petition pending state exhaustion, because reasonable confusion about the timeliness of the state
17 filing would constitute good cause under *Rhines*. *Id.*

18 Here, petitioner has submitted evidence that, believing he had to file his California
19 Supreme Court petition within 60 days from the denial of his petition in the California Court of
20 Appeal, he twice sought an extension of time to do so but received a form response. Thus, it
21 appears that, for a period of time, he had some confusion about the timeliness of his petition to
22 that court. *See* Dckt. No. 27 at 3 ("I realized I was not fast enough under the normal 60 day rule
23 many courts enforce on filing deadlines from a denial to a next filing. I have since discovered
24 that such a rule does not exist in California, but I did not know this at the time"). However, the
25 instant petition was filed well before petitioner's California Court of Appeal petition was ruled
26 on. Further, as respondent points out, petitioner's federal petition is virtually identical to his

petitions to the Yolo County Superior Court and the California Court of Appeal. Lodg. Docs. 6 & 8. Petitioner has not explained why he could not file that petition in the California Supreme Court. Indeed, as of the date of this order, petitioner has not filed his California Supreme Court petition.[1] Nor does petitioner explain the source of his confusion about the timeliness of his state petition so that the court may determine whether that confusion was indeed "reasonable." Accordingly, the court concludes that petitioner has not shown good cause for not exhausting his claims in the California Supreme Court before filing the instant federal petition.

### III.  Order

Accordingly, it is ORDERED that:

1. Petitioner's December 27, 2010 motion for writ of mandamus is denied;

2. Respondent's December 21, 2010 motion to dismiss is granted;

3. The petition is dismissed without prejudice for failure to exhaust state court remedies; and

4. The Clerk is directed to close the case.

Dated: February 18, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] California Appellate Courts Case Information, search results for last name "Young" and first name "David," http://appellatecases.courtinfo.ca.gov/ search/ searchResults.cfm? dist= 0& search=party (last viewed February 18, 2011)